## Rothwell v. Kremer and Hoffman, Appeal of Huber, Claimant.

Argued October 3, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*George F. C. Franks,* and with him *W. Horace Hepburn, Jr.,* for appellant, cited: Hart's Appeal, 8 Pa. 32; Gibson v. Rowland, 35 Pa. Superior Ct. 158; Kearney v. Security Ins. Co., 67 Pa. Superior Ct. 179; Cohn v. May, 210 Pa. 615; Ben Franklin F. Insurance Company v. Flynn and Hamm, 98 Pa. 627; Commonwealth v. Johnson, 144 Pa. 377; Appeal of Scull et al., 115 Pa. 141.

*Middleton, Blakeley & Richardson,* for appellee, cited: Hartman's Appeal, 107 Pa. 327; Tasin v. Bastress, 284 Pa. 47; Kessler v. M'Conachy, 1 Rawle 435; Mengel v. Connecticut Fire Insurance Co., 5 Pa. Superior Ct. 491.

OPINION BY LINN, J., December 13, 1928:

This appeal is by a wage claimant to a preference for two weeks' wages: Act of May 12, 1891, P. L. 54. A correct understanding of the case cannot be obtained from the record as printed by appellant. In his petition for preference, claimant avers "that the above named defendants employed and hired" him, etc., but as printed in the record, the caption to the case is omitted so that it does not appear to whom the words "the above named defendants" apply. The confusion is continued throughout the petition by other references "to the defendants." At the conclusion of the petition, the fund is alleged to be "derived from the sale of property of Philip Kremer, Nathan Hoffman and R. M. McGinnis, trading as the Belmont Drug Company ......" A reference to the original record discloses that the petition was filed in a case entitled "Walter Rothwell v. Philip P. Kremer and Nathan Hoffman." It therefore appears that petitioner avers employment by those two men—in what capacity they were associated is neither averred nor proved—and that his claim accrued, in the words of the petition, "while working as a clerk in the defendants' store at 6190 Ridge Avenue ......" What the relation, if any, of these two defendants may be to the three parties described as trading as Belmont Drug Company, does not appear.

Further examination of the original record shows that judgment was entered in Court of Common Pleas No. 1 in favor of Walter Rothwell against Philip Kremer and Nathan Hoffman on a judgment note

dated August 4, 1927, payable one day after date, in the amount of $9,945.17. Execution was issued and the sheriff's return is: "Levied August 20th, 1927 upon the personal goods of the defendants at 6190 Ridge Avenue and afterwards to-wit on October 11, 1927, I sold the said personal property so levied upon for the sum of Two Thousand Nine Hundred Eighteen Dollars ($2,918.00)."

Rothwell filed an answer to claimant's petition, averring that claimant had brought suit against Philip Kremer, Nathan Hoffman and R. McGinnis, trading as Belmont Drug Company, and in the Municipal Court of Philadelphia County, on July 14, 1927, obtained judgment for want of an affidavit of defense for the two weeks' wages now involved, and had in the statement of claim filed in that action, averred that he was employed in the capacity of manager of the store of the defendant located at 6190 Ridge Avenue, Philadelphia. He also averred that in consequence of that judgment, claimant was "estopped and concluded ......" to claim that he earned the wages now claimed as wages in the capacity of clerk, and that on the contrary it appeared that the sum earned by him was earned as salary for services as manager. In addition, he averred that claimant was not entitled to preference in the proceeds of the sale of the property of Philip P. Kremer and Nathan Hoffman for a debt "adjudicated to have been owed by different partnership, to-wit: Philip Kremer, Nathan Hoffman and R. McGinnis, trading as Belmont Drug Company."

In the record as printed there is a deposition of the claimant and a stipulation that the record mentioned above, of the judgment obtained in the Municipal Court, should be considered in evidence in disposing of the petition for the preference. We observe that the depositions are not in the original record and it

does not appear that they have ever been filed as required by the Act of April 18, 1919, P. L. 72. As appellee has made no objection to our considering the deposition as though it had been filed, we have examined it.

The court below held that upon two grounds claimant wa's not entitled to preference: 1. If the plaintiff "were employed as manager, he does not belong to any of the classes fixed by the several Acts of Assembly giving priority to the claims for wages." In his deposition, claimant testified a's follows: "Q. What were your duties? A. Just filling prescriptions and taking care of the business. Q. Waiting on the business? A. Yes. Q. What were your hours? A. 8 in the morning until 11 at night. Q. Was any one of the partners there? A. In and out all day long." In view of that uncontradicted evidence, we differ from the court below and are of opinion that claimant would be within the preferred class created by the statutes, if the fund were within the class out of which a preference is payable; see Scull's Appeal, 15 Pa. 141, in which the superintendent of a factory was held entitled to a preference for his salary.

2. The court below was also against the claim on the ground that the proceeds were not realized from the sale of the assets of the partnership, the Belmont Drug Company—but of the property of two individuals, Philip P. Kremer and Nathan Hoffman. We are in accord with that view, for there is no evidence in the case that any property of the partnership, Belmont Drug Company, wa's sold. Wage earners employed by the partnership may claim on the proceeds of partnership assets, but not, in the first instance, on the proceeds of the sale of property of individuals who may happen to be members of a firm or firms: Ward's Appeal, 81* 270, 273; Hartman's

Appeal, 107 Pa. 327, 335. The answer gave notice of this objection and claimant had an opportunity to produce testimony. On the record he has not shown himself entitled.

The order appealed from is affirmed.